*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 1 of 8*
*3:15cr68-001/MCR- WILLIAM M. MYRICK*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-  **Case # 3:15cr68-001/MCR**

**WILLIAM M. MYRICK**

**USM # 23567-017**

**Defendant's Attorney:**
**Jennifer A. Hart (AFPD)**
**3 West Garden Street, Suite 200**
**Pensacola, Florida 32502**

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count One of the Indictment on January 26, 2016. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Using a Facility and Means of Interstate Commerce to Attempt to Entice an Individual Under the Age of 18 to Engage in Sexual Activity | October 27, 2015 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
March 30, 2016

*M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: April 4TH, 2016

Rec'd 0405'16 USDcFln3PM0209

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 8*
*3:15cr68-001/MCR- WILLIAM M. MYRICK*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months as to Count One**.

The court strongly recommends to the Bureau of Prisons that the defendant be designated to a federal medical center for his initial designation [see Statement of Reasons Section I4.].

The court also recommends to the Bureau of Prisons that the defendant be designated to a facility for confinement near Pensacola, Florida, or as close to that area as the Bureau of Prisons can reasonably accommodate; specifically, the Federal Prison Camp in Pensacola, Florida, or, in the alternative, the Federal Correctional Institution in Marianna, Florida.

The court strongly recommends that while the defendant is incarcerated he shall participate in a Sex Offender Treatment Program or other such similar program offered through the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:15cr68-001/MCR- WILLIAM M. MYRICK

Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life as to Count One**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 4 of 8*
*3:15cr68-001/MCR- WILLIAM M. MYRICK*

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18 U.S.C. § 1030, and all peripheral devices.

2. As directed by the probation officer, the defendant shall enroll in the probation office's Computer and Internet Monitoring Program (CIMP), and shall abide by the requirements of the CIMP program and the Acceptable Use Contract.

3. The defendant shall not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, the defendant shall warn his employer, if employed, of any restrictions to his computer use. The defendant is required to warn anyone in his residence of this restriction.

4. The defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use.

5. The defendant shall not possess or use any data encryption technique or program.

6. The defendant shall not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*     *Page 5 of 8*
*3:15cr68-001/MCR- WILLIAM M. MYRICK*

7. The defendant shall refrain from accessing, via the Internet, any pornography, even adult pornography, or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer.

8. Without the prior approval of the probation officer, the defendant is prohibited from frequenting or loitering within 100 feet of any playground, theme park, public swimming pool, school, arcade, or other specific locations where children regularly congregate as designated by the probation officer. The defendant shall have no contact, other than incidental contact, with any person under the age of 18 unless approved in advance by the probation officer.

9. The defendant's residence shall be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.

10. The defendant shall participate in sex offender-specific treatment, as directed by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule shall be determined by the probation officer. The probation officer shall release the presentence report and all previous mental health evaluations to the treatment provider. As part of the treatment program, the defendant shall submit to polygraph or other psychological or physiological testing as recommended by the treatment provider.

11. The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that he is in compliance with the requirements of his supervision or treatment program.

12. The defendant shall register with the state sex offender registration agency as required by state law. The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (42 USC sec. 16901 et seq.), the defendant shall also comply with all such requirements as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, is a student, or was convicted of a qualifying offense.

13. The defendant shall submit his person, property, house, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

14. The defendant shall participate in a program of mental health counseling and/or treatment.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:15cr68-001/MCR- WILLIAM M. MYRICK

*Page 6 of 8*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____       _____
Defendant                              Date


_____       _____
U.S. Probation Officer/Designated Witness    Date

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:15cr68-001/MCR- WILLIAM M. MYRICK

Page 7 of 8

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $100.00 | Waived | None |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

### FINE

No fine imposed.

### RESTITUTION

No restitution imposed.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case

3:15cr68-001/MCR- WILLIAM M. MYRICK

Page 8 of 8

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
    Fine: Waived   SMA: $100.00   Restitution: None   Cost of Prosecution: None

**The $100.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**Preliminary Order of Forfeiture
entered on March 30, 2016 (Doc. #39)**